# Affidavit

I, Detective Richard A. J. Dalrymple of the Laurel County Sheriff's Office, London, KY being properly deputized as a Task Force Officer of the Drug Enforcement Administration, United States Department of Justice, being duly sworn, depose and says:

1. I am a Detective of the Laurel County Sheriff's Office and have been so employed for 24 years. Further, I am a properly deputized Task Force Officer of the Drug Enforcement Administration (DEA) and have been so employed for approximately 16 years. I have been assigned to the London, Kentucky DEA Resident Office since July 2002. My duties since joining the DEA have consisted entirely of investigating drug trafficking. In addition, I am knowledgeable of the patterns, methods, and jargon used by drug distributors.

2. Your affiant has personally conducted or assisted in more than two hundred (200) investigations of alleged criminal violations of the Controlled Substance Act. Your affiant has attended various in-service training seminars on drug trafficking, asset forfeiture, gangs, and money laundering.

3. Your Affiant has personally conducted and supervised the investigation, which is the subject of this affidavit, and I am familiar with the facts outlined below. The facts and information contained in this affidavit are based upon my personal knowledge and the investigation and observations of other law enforcement officers involved in this investigation, including other Special Agents of the Drug Enforcement Administration and other Federal, State, and local law enforcement officers.

4. This Affidavit is intended for the purpose of providing probable cause for the issuance of an arrest warrant for the person of Daniel Nantz and as such, this document contains only the information necessary to establish probable cause to believe Nantz committed the acts alleged herein. This document does not represent all the information uncovered by the government in this investigation. This document contains several references to cooperating witnesses (CW), all of these persons are referred to in the masculine gender regardless of their actual gender:

> (A.) During August 2018, the ATF interviewed a cooperating witness, hereinafter CW1, who advised that he purchased multiple ounce quantities of methamphetamine from a Jonathan Harper of Louisville. ATF viewed Facebook Messenger traffic between CW1 and Harper that corroborated a drug dealing relationship between CW1 and Harper. CW1 also identified Daniel Nantz as a person that was supplied large quantities of methamphetamine by Jonathan Harper.

> (B.) On September 11 and 24, 2018, ATF interviewed a cooperating witness, hereinafter CW2, regarding his drug dealing relationships. During the first interview, CW2 identified Jake Messer as a drug dealing associate of Daniel Nantz. Further CW2 stated that Nantz supplied Messer with as much as 3 ounces of methamphetamine in a single transaction.

(C.) On October 10, 2018, CW1 acting at the direction and under the control of the Kentucky State Police (KSP), contacted Jonathan Harper via Facebook Messenger and arranged for the delivery of methamphetamine to the Corbin, KY area. On October 10, 2018, CW3 and an associate were arrested in Corbin, KY in possession of approximately 7.5 ounces of methamphetamine as they attempted to make the delivery on behalf of Harper. Following his arrest, CW3 was asked if he had delivered methamphetamine to anyone else in the Corbin area besides CW1. CW3 identified Daniel Nantz as a customer of Harper since January 2018 and CW3 admitted delivering methamphetamine to Nantz on two to three occasions. CW3 further provided an accurate description of the Nantz residence which is located in rural Whitley County.

(D.) During CW3's interview he provided a telephone number for Daniel Nantz (606-795-3648) and, at the request of law enforcement, placed a recorded call to that number. During the call CW3 discussed a 4 oz. methamphetamine transaction with the subject, who identified as Daniel Nantz. Additionally, an open source database check of the 606-765-3648 revealed that the number was attributed to Daniel Nantz of Steel Hollow Rd., Corbin, KY. The same address that CW3 had listed in his cellular phone under the contact "Daniel."

(E.) On November 29, 2018, ATF conducted an interview of Michael Whitehead at the Laurel County Detention Center. During the interview Whitehead advised he knew Daniel Nantz was being supplied methamphetamine by CW3. Other information provided by Whitehead was independently confirmed through separate investigations.

(F.) On February 15 and March 1, 2019 ATF interviewed Justin Collins. Collins admitted to making trips to Louisville, KY with Shylah Hart to obtain methamphetamine. Collins further advised that Hart was supplying Daniel Nantz. Collins continued that he was present when Hart picked up $4,000 prior to a Louisville trip that was to pay for 1 pound of methamphetamine for Daniel Nantz.

(G). On February 13, 2019, ATF conducted an interview with Jonathan Harper, and Harper admitted to knowing Nantz. Further, Harper stated Daniel Nantz owed Harper $1,500.

(H). On December 28, 2018, ATF spoke with Tasha Wernicke. Wernicke identified Nantz as a distributor of large quantities of methamphetamine.

5. Based on the foregoing, I believe there is probable and reasonable cause to believe that between January 1, 2018 and October 10, 2018, Daniel Nantz engaged in a conspiracy to distribute a mixture or substance containing methamphetamine, a Schedule II controlled substance, with Jonathan Harper, CW3, Jake Messer, and others, in Whitley County in the Eastern District of Kentucky and elsewhere, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841.

_____
Richard A. J. Dalrymple
Task Force Officer, DEA

Subscribed and Sworn to before me
This 19th day of March 2019

_____
Hanly A. Ingram
United States Magistrate Judge
Eastern Judicial District of Kentucky