Eastern District of Kentucky
**F I L E D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JUL 2 4 2019

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.**                    SUPERSEDING INDICTMENT NO. <u>6:19-CR-16-S-REW</u>

**DANIEL S. NANTZ**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## COUNT 1
## 18 U.S.C. § 1512(a)(1)(C)

On or about March 16, 2019, in Whitley County, in the Eastern District of Kentucky,

### DANIEL S. NANTZ

willfully, deliberately, maliciously, and with premeditation and malice forethought, did unlawfully kill Geri D. Johnson with the intent to prevent the communication by Geri D. Johnson to a law enforcement officer and judge of the United States of information relating to the commission of a Federal offense, to wit: conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 1512(a)(1)(C).

## COUNT 2
## 18 U.S.C. § 1201(a)(1)

On or about March 16, 2019, in Whitley County, in the Eastern District of Kentucky,

**DANIEL S. NANTZ**

aided and abetted by others, did willfully and unlawfully kidnap, abduct, seize, and confine another person, Victim 1, and hold Victim 1 for the purpose of assault, and did use a means, facility, and instrumentality of interstate commerce, to wit, a cellular communication device, in committing and in furtherance of the commission of such offense, all in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1201(a)(1).

## COUNT 3
## 21 U.S.C. § 846

Beginning on or about March of 2017, the exact date unknown, and continuing until on or about September of 2018, the exact date unknown, in Whitley County, in the Eastern District of Kentucky, and elsewhere,

**DANIEL S. NANTZ**

did conspire with Jonathan Harper, Derwin Julien, and others to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

## COUNT 4
## 18 U.S.C. § 924(c)

Beginning on or about March of 2017, the exact date unknown, and continuing until on or about September of 2018, the exact date unknown, in Whitley County, in the Eastern District of Kentucky, and elsewhere,

**DANIEL S. NANTZ**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he

may be prosecuted in a Court of the United States, as set forth in Count 3, that is, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 5
## 21 U.S.C. § 846

Beginning on or about June of 2018, the exact date unknown, and continuing until on or about November 14, 2018, in Whitley County, in the Eastern District of Kentucky, and elsewhere,

**DANIEL S. NANTZ**

did conspire with Tammy Marie Vest, Geri D. Johnson, and others to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

## COUNT 6
## 18 U.S.C. § 924(c)

Beginning on or about June of 2018, the exact date unknown, and continuing until on or about November 14, 2018, in Whitley County, in the Eastern District of Kentucky, and elsewhere,

**DANIEL S. NANTZ**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 5, that is, conspiracy to distribute 500 grams or more of a mixture or substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 7
## 18 U.S.C. § 922(g)(9)

On or about March 16, 2019, in Whitley County, in the Eastern District of Kentucky,

**DANIEL S. NANTZ,**

knowing he had previously been convicted in a court of a misdemeanor crime of domestic violence, knowingly possessed a firearm, that is, a black in color Taurus .38 caliber Model 85 revolver, serial number GN90513, and the firearm was in and affecting interstate commerce, all in violation of 18 U.S.C. §922(g)(9).

## NOTICE OF SPECIAL FINDINGS

**THE GRAND JURY FURTHER CHARGES:**

As to Count 1, herein re-alleged and incorporated by reference, the Defendant, **DANIEL S. NANTZ**:

a) was 18 years of age or older at the time of the offense (18 U.S.C. §1512(a)(1)(C));

b) intentionally killed Geri D. Johnson (18 U.S.C. §3591(a)(2)(A));

c) intentionally inflicted serious bodily injury that resulted in the death of Geri D. Johnson (18 U.S.C. §3591(a)(2)(B));

d) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person,

other than one of the participants in the offense, and Geri D. Johnson died as a direct result of the act (18 U.S.C. §3591(a)(2)(C));

e) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. §3591(a)(2)(D));

f) in committing the offense the Defendant knowingly created a grave risk of death to one or more persons in the addition to the victim of the offense (18 U.S.C. §3592(c)(5));

g) committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. §3592(c)(6));

h) committed the offense after substantial planning and premeditation (18 U.S.C. §3592(c)(9));

i) committed the offense against a particularly vulnerable victim due to Geri D. Johnson's late stage of pregnancy (18 U.S.C. §3592(c)(11)); and

j) killed more than one person in a single criminal episode, Geri D. Johnson and Amelia Jo Johnson (18 U.S.C. §3592(c)(16)).

FOREPERSON

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:**  Death or not less than Life, not more than a $250,000 fine.

**COUNT 2:**  Any term of years to life imprisonment, not more than a $250,000 fine, and not more than 5 years supervised release.

**COUNTS 3 & 5:**  Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

**COUNTS 4 & 6:**  Not less than 5 years nor more than life imprisonment, to be served consecutive to any term of imprisonment imposed for any other offense, not more than a $250,000 fine, and not more than 5 years of supervised release.

**COUNT 7:**  Not more than 10 years imprisonment, a $250,000 fine, and 3 years of supervised release.

**PLUS:**  Mandatory special assessment of $100 per count.

**PLUS:**  Restitution, if applicable.