UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:19-CR-16-REW-HAI

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.                                   **PROTECTIVE ORDER**

DANIEL SCOTT NANTZ                                                                        DEFENDANT

\* \* \* \* \*

**WHEREAS**, the Defendant, Daniel Nantz, and his counsel seek discovery in the above-captioned matter;

**WHEREAS,** the United States of America seeks to provide in un-redacted form certain documents pursuant to Rule 16 of the Federal Rules of Criminal Procedure, which contain and/or reflect personal information (including, but not limited to medical records and graphic autopsy photos) of victims (some of which are minors); and

**WHEREAS**, the government desires to protect the confidential information contained in the materials it produces pursuant to Rule 16;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The United States is hereby authorized to release to defense counsel un-redacted information, documents, and records obtained from Baptist Health – Corbin and the Kentucky Medical Examiner – including, but not limited to, private medical information

of the victims, which would otherwise be covered by the provisions of the Privacy Act, 5 U.S.C. § 552a, or any other federal, state, local or other law and regulation.

2. Defense counsel shall not use the information, photos, documents, or records described above for any purpose other than to prepare for and/or defend the above-styled action.

3. Confidential information disclosed to the Defendant or counsel during the course of these proceedings shall not be duplicated except for the purposes of the defense of this action and shall be kept and maintained by the Defendant's counsel in a secure container and location.

4. Except as otherwise provided by the Court, protected information contained in and derived solely from the protected documents and records, as well as the protected documents, and records themselves, may be disclosed only to the following persons: (a) counsel for the parties in this action; (b) expert witnesses or prospective expert witnesses; and (c) persons with factual knowledge related to this case who may be called as witnesses by the Defendant. All persons to whom any protected information, document, or record is shown must sign an acknowledgment form agreeing to comply with the terms and provisions of this Order. Provided, however, that no party shall be precluded from using protected information, documents, or records in this litigation because of the refusal of anyone to sign the acknowledgment form. A copy of this acknowledgment form is attached hereto as Exhibit A. Such disclosure must be reasonably and in good faith calculated to aid in the litigation of this matter. The signed acknowledgment forms need not be filed in the record of the case.

5. In addition to the disclosures allowed above, any information, documents, records, and things disclosed under this Order may be used at trial and included as text in and exhibits to motions and other pleadings and documents filed in this action as further explained below. Moreover, any information, documents, records, and things disclosed under this Order may be referred to during and made exhibits to depositions taken in this action but, except for the person being deposed and the court reporter, Defendant and Defendant's counsel may not disclose any such information, documents, records, things, and exhibits to anyone other than a person or entity specified above.

6. No protected information, document, record, or thing disclosed under this Order may be filed on the Court's public record, but instead must be filed under seal. This Order shall not apply to the trial of this action. Instead, at trial all relevant information, documents, and records, may be filed publicly.

7. Within 90 days after the conclusion of this action by plea or adjudication (including appeals), defense counsel shall deliver or mail all information, documents, records, and things (whether in paper, electronic or other form) provided by the United States (including originals and copies of and exhibits to depositions which include material subject to this Order, except depositions filed with the Court or entered into evidence) to the United States Attorney's Office, London, Kentucky, or alternatively shall be destroyed by defense counsel. If Defense counsel elects to destroy the information, documents, and records described above, then counsel shall notify the United States in writing of said destruction within 30 days of their destruction.

8. Any attorney, party, designated agent, or expert witness or any other person who knowingly violates the terms of this Order may be punished for contempt of this Court.

9. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court (or their staff) for the purposes of the above-referenced action.

10. This Order shall not affect any objection to discovery or admissibility into evidence that any party may have.

11. The parties to this Order may, on notice, apply to the Court for relief from, or modification of, any term or provision of this Order.

12. This Order shall survive the termination of this prosecution.

**SO ORDERED** this 30th day of August, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge