UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>v.<br><br>DANIEL SCOTT NANTZ,<br>　　　Defendant. | No. 6:19-CR-16-REW-HAI |

**MOTION FOR DISCOVERY OF EXCULPATORY
EVIDENCE CONCERNING THE SHOOTING OF
CURTIS HELTON AND RICK MITCHELL**

The Defendant, Daniel S. Nantz, by and through the undersigned counsel, and pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution, Fed. R. Crim. P. 16(a) & 57(b), and the decisions in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1977), *United States v. Bagley*, 473 U.S. 667 (1985), and *Kyles v. Whitley*, 514 U.S. 419 (1995), respectfully moves this Court for an order directing the government[1] to furnish undersigned

---

[1] For purposes of this Motion and any disclosure resulting from it, "the government" will include the office of the United States Attorney for the Eastern District of Kentucky, the Department of Justice and its subdivisions, the Federal Bureau of Investigation, the United States Marshals Service, the Bureau of Prisons, and any law enforcement agency involved in any way in the investigation and preparation of this case or related cases for prosecution. *See* USAM § 9-5.001(B)(2).

counsel with all relevant information concerning the shooting of Curtis Helton and Rick (or Ricky) Mitchell. Mr. Nantz shows the following in support:[2]

## INTRODUCTION

As noted in Mr. Nantz's contemporaneously filed motions, the government's case for Mr. Nantz's guilt and for a potential death sentence is based almost entirely on the testimony of incentivized witnesses. One cooperator, David Huff, looms particularly large. Indeed, the *only* real evidence suggesting that Mr. Nantz killed Ms. Johnson in order to prevent her communication to law enforcement—the core element of Count 1 and the government's basis for seeking federal capital charges—comes from the self-serving and unverifiable statements of Mr. Huff. And because Mr. Huff's statements will be difficult, if not impossible, to disprove, it is all the more important that Mr. Nantz be afforded every opportunity to challenge Mr. Huff's credibility and motivation.

Critically, the government recently disclosed a witness statement in discovery which implicates Mr. Huff in the shooting of Curtis Helton and Rick Mitchell. The involvement of one of the government's key witnesses in a related shooting would undeniably be significant impeachment evidence at trial. Accordingly, this Court should direct the government to comply with Mr. Nantz's discovery requests, set

---

[2] Mr. Nantz hereby requests oral argument on this motion pursuant to LCrR 47.1(g).

forth *infra*, to ensure that he has a full and fair opportunity to challenge a central witness against him and to preserve his constitutional right to a fair trial.

## ARGUMENT

### I. *Brady* and its Progeny Require the Disclosure of the Requested Discovery.

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that due process requires the government to provide a defendant with all evidence favorable to his defense in its possession. Relevant here, the Court has emphasized that "[i]mpeachment evidence, [] as well as exculpatory evidence, falls within the *Brady* rule." *United States v. Bagley*, 473 U.S. 667, 676 (1985). Indeed, such evidence, "if disclosed and used effectively, [] may make the difference between conviction and acquittal." *Id. See also Napue v. Illinois*, 360 U.S. 264, 270 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend[.]"); *Giglio v. United States*, 405 U.S. 150, 154-55 (1972) ("Taliento's credibility as a witness was therefore an important issue in the case, and evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility and the jury was entitled to know of it.").

Here, as in *Giglio*, Mr. Huff's credibility is an important issue in the case. Indeed, as noted *supra*, critical elements of the government's case depend *almost*

3

*entirely* on his testimony. In such circumstances, Mr. Huff's credibility, background, and motivation take on added significance. His potential involvement in a related shooting, therefore, is an area of inquiry that Mr. Nantz must investigate further. Accordingly, Mr. Nantz specifically requests that the government conduct a comprehensive review of all its investigative files and then disclose any information responsive to his discovery requests *infra*.

## II. The Federal Rules of Criminal Procedure Authorize This Court to Order the Requested Discovery.

In addition, the Federal Rules of Criminal Procedure provide this Court with the authority to order the government to comply with Mr. Nantz's discovery requests. Rule 16, for instance, states, in relevant part:

> "(E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs … or portions of any of these items, if the item is within the government's possession, custody or control and:
>
> (i) *The item is material to preparing the defense*.

Fed. R. Crim. P. 16(a)(1)(E) (emphasis added).

To satisfy Rule 16, a defendant "must make a *prima facie* showing of materiality." *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991). While "[m]ateriality under Rule 16 has not been authoritatively defined in this Circuit," this Court should "consider the logical relationship between the information

4

withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole." *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011) (unpublished). Critically, materiality under Rule 16 should "not [be] a heavy burden." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993); *see also* 2 Charles Alan Wright et al., *Federal Practice and Procedure Criminal* § 254 (4th ed.) ("Too much should not be required in showing materiality.").

Again, the basis for seeking federal capital charges against Mr. Nantz rests upon the credibility of Mr. Huff. "[T]he importance of the [requested] information in light of the evidence as a whole," therefore, is great. *Lykins*, 428 F. App'x at 624. Evidence that could be used to impeach the government's central witness is certainly material for purposes of Rule 16. *See id.* (evidence is material if it could be used to "counter the government's case or bolster a defense") (citing *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993)).

This Court also has the "inherent authority" to order the disclosure of *any* discovery in a criminal case. *United States v. Davis*, 93 F.3d 1286, 1295 (6th Cir. 1996). The Federal Rules of Criminal Procedure recognize that the rules cannot cover every situation that may arise during the course of a criminal case. Rule 57(b), therefore, expressly incorporates the inherent powers of district courts to fashion rules of discovery, providing that where no law or rule is directly applicable, "[a] judge may regulate practice in any manner consistent with federal law, these rules,

and local rules of the district." Fed. R. Crim. P. 57(b); *see also Carlisle v. United States*, 517 U.S. 416, 428 (1996) (recognizing precedent "which approved exercise of a District Court's inherent authority to order [discovery]" where "such exercise did not conflict with Federal Rule of Criminal Procedure 16"). Indeed, the Advisory Committee Notes specifically emphasize that Rule 16 "is intended to prescribe the *minimum amount of discovery* to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." Advisory Committee Note to Rule 16, 1974 Amendment (emphasis added).

This capital trial, moreover, is plainly such an "appropriate case." *See, e.g.*, *United States v. Beckford*, 962 F. Supp. 748, 756-57 (E.D. Va. 1997) (recognizing that capital proceedings, where there should be a "premium placed upon accuracy and fairness," would constitute "an 'appropriate case'" for broader discovery). In this Circuit, it is "well settled that the penalty of death is different in kind from any other punishment imposed under our system of justice." *Getsy v. Mitchell*, 495 F.3d 295, 306 (6th Cir. 2007) (en banc). And the uniqueness of capital punishment demands extraordinary procedural and substantive safeguards at every stage of the process. *See Gregg v. Georgia*, 428 U.S. 153, 187 (1976) ("Where a defendant's life is at stake, the Court has been particularly sensitive to insure that every safeguard is observed."). Mr. Nantz must therefore be afforded an opportunity to examine all information related to the reliability and credibility of a key witness testifying

6

against him at his capital trial. *See, e.g.*, *Ford v. Wainwright*, 477 U.S. 399, 411 (1986) ("In capital proceedings generally, this Court has demanded that factfinding procedures aspire to a heightened standard of reliability. This especial concern is a natural consequence of the knowledge that execution is the most irremediable and unfathomable of penalties; that death is different.") (citations omitted).

## **DISCOVERY REQUESTED**

Mr. Nantz hereby specifically requests that the government disclose the following information:[3]

1. The entire investigation file related to the shooting of Curtis Helton and Rick Mitchell.

2. The names and addresses of any witness to the shooting of Curtis Helton and Rick Mitchell.

3. Information as to whether any individual was suspected, apprehended, or questioned concerning the shooting of Curtis Helton and Rick Mitchell.

4. Any and all information implicating David Huff in the shooting of Curtis Helton and Rick Mitchell.

5. All ROIs from witness interviews conducted in connection with, or related to,

---

[3] All responsive documents to be produced shall, where possible, be produced in their original form, in the order that they are kept in the ordinary course of business, and in their original folders, binders, covers, or containers, or facsimile thereof.

7

the shooting of Curtis Helton and Rick Mitchell.

## CONCLUSION

WHEREFORE, Mr. Nantz respectfully requests that this Court enter an order requiring the government to produce all documents and information responsive to his discovery requests set forth above.

This, the 30th day of November, 2021.

                Respectfully submitted,

                /s/ *Gary E. Proctor*
                Law Offices of Gary E. Proctor LLC
                8 E. Mulberry Street
                Baltimore, MD 21202
                Tel: 410-444-1500
                garyeproctor@gmail.com

                /s/ *Jeffrey L. Ertel*
                Jeffrey L. Ertel
                Federal Defender Program, Inc.
                101 Marietta Street, NW, Suite 1500
                Atlanta, GA 30303
                Tel: 404-688-7530
                Jeff_Ertel@fd.org

                Counsel for Daniel S. Nantz

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Discovery of Exculpatory Evidence Concerning the Shooting of Curtis Helton and Rick Mitchell was electronically filed this day, November 30, 2021, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all parties of record in this matter.

                                                 /s/ *Jeffrey L. Ertel*
                                                 Jeffrey L. Ertel
                                                 Jeff_Ertel@fd.org
                                                 Counsel for Daniel S. Nantz