UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>DANIEL SCOTT NANTZ,<br>    Defendant. | No. 6:19-CR-16-REW-HAI |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REQUESTING PRETRIAL RELIABILITY HEARING TO EVALUTE INCENTIVIZED WITNESS TESTIMONY**

The Defendant, Daniel S. Nantz, by and through the undersigned counsel, replies as follows to the Government's response in opposition (D.E. 322) ("Resp."), to his Motion Requesting a Pretrial Reliability Hearing to Evaluate Incentivized Witness Testimony (D.E. 310) ("Motion").

**I.    The Government Does Not Contest the Two Principal Assertions in the Motion.**

Mr. Nantz's Motion relies chiefly on two critical facts: 1) numerous studies have documented the significant role played by false incentivized witness testimony in wrongful convictions, and 2) "cooperators are the only witnesses for many of the most important disputed facts in the case." Motion at 3-5, 10. The government's response does not meaningfully contest either assertion. To the contrary, the

government emphasizes that it is "*quite cognizant of the dangers of cooperating witnesses*, as well as the credibility concerns attendant to testimony obtained in exchange for sentencing considerations." Resp. at 1 (emphasis added); *see also id.* at 4-5 ("The government is sympathetic to the Defendant's concerns when it presents and relies on testimony from a cooperating witness, who may be receiving some benefit from the government.").[1] The government likewise freely admits that it will "undoubtedly use cooperating witnesses." *Id.* at 3.[2] In other words, *both parties agree that the case for Mr. Nantz's conviction and death sentence will be based on evidence that has been documented to be a significant cause of wrongful convictions in numerous studies*. These uncontested facts, coupled with the capital charges here, place Mr. Nantz's request in a unique position. Accordingly, it is appropriate for this Court to act as a gatekeeper and ensure that the government's incentivized witness testimony is reliable before it is presented to the jury.

---

[1] Mr. Nantz acknowledges that the government does, at one point, claim that it "is simply not true" that incentivized witnesses are unreliable. Resp. at 2. Notably, the government offers no argument in support of this throwaway assertion that flies in the face of the findings from numerous studies.

[2] The government adds only that "no witness in this case will be a paid informant." Resp. at 3; *see also id.* at 2 n.3. But that's irrelevant. As the Motion explains, the possibility of a reduced sentence is likely an even greater motivation to lie than money. *See United States v. Cervantes-Pacheco*, 826 F.2d 310, 315 (5th Cir. 1987) ("It is difficult to imagine a greater motivation to lie than the inducement of a reduced sentence[.]").

2

## II. Existing Procedural Safeguards are *Not* Sufficient Here.

The government, relying on decades-old reasoning, repeatedly asserts that cross-examination and proper jury instructions are sufficient to address Mr. Nantz's concerns about incentivized witness testimony. Resp. at 4-7 (citing, *inter alia*, *Hoffa v. United States*, 385 U.S. 293, 311 (1966) ("The established safeguards of the Anglo-American legal system leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury.")). But they are not. Indeed, the entire thrust of Mr. Nantz's Motion is that an unconscionable number of defendants have been wrongfully convicted on the basis of unreliable incentivized witness testimony *notwithstanding* these established safeguards. Such safeguards, moreover, are especially insufficient here, where much of the most critical incentivized witness testimony will be nearly impossible to disprove or refute on cross-examination. *See* Motion at 10-11.

The government's related argument that a pretrial reliability hearing "takes th[e] important responsibility [of weighing witness credibility] away from the jury" is a red herring. Resp. at 5. Mr. Nantz has *not* requested the blanket *exclusion* of incentivized witness testimony. His request is far more modest. He simply asks this Court to act as a gatekeeper and exclude those incentivized witnesses whose testimony does not bear even the minimum indicia of reliability. Trial courts exclude unreliable and non-probative evidence all the time; doing so here would not rob the

3

jury of anything.[3]

### III. The Interests of Justice Require a Hearing.

Finally, the government notes that "[e]ven assuming there is some indicia of need [for a reliability hearing], there is still no basis for the requested relief." Resp. at 2. That is flatly incorrect. As explained in the Motion, this Court has such authority under Federal Rule of Evidence 104, which establishes that a trial court "must conduct any hearing on a preliminary question" where "justice so requires." Fed. R. Evid. 104(c)(3); *see also* Fed. R. Crim. P. 15(a)(1) (court may grant party's request for prospective witness's deposition "in the interest of justice"). The government simply counters that Mr. Nantz has "not raise[d] any issue of concern that should invoke this Court's discretion 'when the interests of justice require,'" because "there is no indication of wrongdoing on the part of a government actor." Resp. at 5. But the absence of government wrongdoing is far from the only factor to consider when weighing the interests of justice. *See, e.g.*, Fed. R. Evid. 104 – Advisory Committee Notes (1972) ("A great deal must be left to the discretion of the judge who will act as the interests of justice require."). And here, as noted *supra*, where the government *agrees* that its case for conviction *and death* is based on

---

[3] The government's assertion that "informant testimony is critical to the functioning of our system of justice," Resp. at 4, likewise does not preclude a reliability hearing. The government often needs to present testimony from experts but still must satisfy the gatekeeping requirements of *Daubert* and Federal Rule of Evidence 702.

evidence that has been documented to be unreliable, the interests of justice are necessarily invoked.

The government additionally faults Mr. Nantz for "provid[ing] no legal authority to support this proposition." Resp. at 2. Mr. Nantz acknowledges that this is a matter of first impression in this Circuit.[4] And while the government points to two out-of-circuit district court opinions denying similar motions, *see* Resp. at 2, at least one authority cited by the government suggests that such reliability hearings *are* appropriate. In *United States v. Bernal-Obeso*, the Ninth Circuit remanded the case for an evidentiary hearing to "restore the parties to the position in which they found themselves pretrial" and give the government an opportunity to "demonstrate to the satisfaction of the court that there is no grounding in reality for the claim that [the incentivized witness] lied;" adding that "[t]his procedure *should most closely approximate the manner in which the decision regarding admissibility should have been made in the first place*." 989 F.2d 331, 336-37 (9th Cir. 1993) (emphasis added). Regardless, for the many reasons discussed *supra*, a reliability hearing for incentivized witnesses is necessary and appropriate in *this* capital case.

---

[4] But it is not unprecedented. The State of Illinois has statutorily mandated such hearings in light of the unconscionable number of death row exonerations attributed to the false testimony of incentivized witnesses. 725 Ill. Comp. Stat. Ann. § 5/115-21.

## CONCLUSION

For all the reasons set forth above and in D.E. 310, this Court should grant Mr. Nantz's Motion and hold a pretrial reliability hearing to evaluate the reliability and probative value of the incentivized witness testimony in this case.

This, the 17th day of January, 2022.

Respectfully submitted,

/s/ *Gary E. Proctor*
Law Offices of Gary E. Proctor LLC
8 E. Mulberry Street
Baltimore MD 21202
Tel: 410-444-1500
garyeproctor@gmail.com

/s/ *Jeffrey L. Ertel*
Jeffrey L. Ertel
Federal Defender Program, Inc.
101 Marietta Street, NW, Suite 1500
Atlanta, GA 30303
Tel: 404-688-7530
Jeff_Ertel@fd.org

Counsel for Daniel S. Nantz

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply to Government's Response to Defendant's Motion Requesting Pretrial Reliability Hearing to Evaluate Incentivized Witness Testimony was electronically filed this day, January 17, 2022, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all parties of record in this matter.

      /s/ *Jeffrey L. Ertel*
      Jeffrey L. Ertel
      Jeff_Ertel@fd.org
      Counsel for Daniel S. Nantz