# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CRIMINAL NO. 6:19-CR-16-S-REW-HAI**

**UNITED STATES OF AMERICA**                                                                              **PLAINTIFF**

**V.**                **JOINTLY PROPOSED LIABILITY PHASE**
                             **JURY INSTRUCTIONS**

**DANIEL S. NANTZ**                                                                             **DEFENDANT**

\* \* \* \* \*

Pursuant to the Court's standing Pretrial and Trial Management Order, the parties submit the following proposed jury instructions. [R. 16, 171, and 346.] Additionally, the parties could not confer on agreed upon penalty phase instructions as certain issues, including the viability of certain mitigating and aggravating circumstances, have yet to be decided. [*See e.g*, R. 208; 313; 309].[1] In addition to the attached substantive instructions, the parties also request the following Sixth Circuit Pattern Jury Instructions be used (if applicable): §1.01 through 1.09, §§ 2.01, 2.01A, 2.10, 2.12, 3.03, 3.09, 7.01, 7.02A or 7.02B (whichever is applicable), 7.03, 7.03A, 7.04 (if applicable), 7.05A or 7.05B (if applicable), 7.06B (to be modified in accordance with evidence), 7.07 (to be modified in accordance with evidence), 7.08, 7.09 (if applicable), 7.10, 7.12A, 7.13 (if applicable), 7.14 (if applicable), 7.16 (to be argued pretrial), 7.17, 7.20, 7.21, and 8.01 through 8.10, excluding 8.07 (lesser included offenses) and 8.05 (requires modification on role of jury in punishment).

The parties respectfully reserve the right to withdraw or submit additional instructions if the evidence at the trial so warrants.

---

[1] The parties request that this Court extend the deadline for the filing of proposed penalty phase instructions until a reasonable time after the Court rules on the relevant issues.

                        Respectfully submitted,

                        CARLTON S. SHIER, IV
                        UNITED STATES ATTORNEY

By:   */s/ Jenna E. Reed*
       Assistant United States Attorney
       601 Meyers Baker Road, Suite 200
       London, Kentucky 40741
       (606) 330-4829
       Jenna.Reed@usdoj.gov


       */s/ Jeffrey L. Ertel*
       Federal Defender Program, Inc.
       101 Marietta Street
       Suite 1500
       Atlanta, GA  30303
       (404)688-7530
       Jeff_ertel@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to counsel of record.


                        ***/s/ Jeffrey L. Ertel***

## INSTRUCTION NO. 2
## MURDER WITH INTENT TO ELIMINATE A WITNESS
## (18 U.S.C. 1512(a)(1)(C))

The defendant is charged in Count 1 of the Superseding Indictment with killing Geri D. Johnson, with the intent to prevent a communication by Geri D. Johnson to a law enforcement office or judge of the United States of information relating to the commission of a Federal offense, to wit: conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 1512(a)(1)(C). Federal law prohibits killing a person in order to prevent a communication about the commission of a federal offense to a federal law enforcement officer or United States judge. For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

(1) First, that on or about March 16, 2019, the defendant killed Geri D. Johnson.

(2) Second, that the defendant did so with the intent to prevent a communication relating to the commission of a Federal offense, to a federal law enforcement officer or judge of the United States.

The term "law enforcement officer" means an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant (A) authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense; or (B) serving as a probation or pretrial services officer under this title.[3]

---

[2] Source, First Circuit, Pattern Criminal Jury Instructions for the District Courts, District of Main Internet Site Edition (#4.18.1512(a)(1)(C)(2015)(*See*, *Fowler v. United States*, 131 S. Ct. 2045, 2049 (2011).
[3] 18 U.S.C. § 1515(a)(4).

No state of mind need be proved with respect to the circumstance that the law enforcement officer is an officer or employee of the Federal Government.[4] One way for the government to satisfy the requirement that the defendant believe that the person he killed might communicate with federal authorities is to demonstrate that the underlying offense was a federal offense and that the federal authorities had begun an investigation prior to the informant's murder or attempted murder.[5]

---

[4] 18 U.S.C.§ 1512(g)(2).
[5] *United States v. Rodriguez-Marrero*, 390 F.3d 1, 13 (1st Cir. 2004) (citing *United States v. Bell*, 113 F.3d 1345, 1349-50 (3d Cir. 1997)). See First Circuit Pattern Instructions;
https://www.ca1.uscourts.gov/sites/ca1/files/citations/Pattern%20Jury%20Instructions.pdf.

# INSTRUCTION NO. 6
# KIDNAPPING (18 U.S.C. 1201(a)(1))

Count 2 of the Superseding Indictment charges the defendant with kidnapping in violation of federal law.

The Superseding Indictment redacts certain name references. As to the redactions, you are to consider Count 2 as referencing the person of [insert full legal name at trial].

For you to find the defendant guilty of Count 2 you must find that the government has proved each and every one of the following elements beyond a reasonable doubt, as to the particular count:

(1) First, that, as and where charged in the particular count, the defendant willfully and unlawfully kidnapped, abducted, seized, or confined the person referenced in the count.

(2) Second, that the defendant used a means, facility, or instrumentality of interstate commerce in committing the offense or in furtherance of its commission.

(3) Third, that the defendant held the victim for some reward, ransom, or other reason of benefit to the defendant, in particular and as charged here, for the purpose of assault.

Now I will give you more detailed instructions on some of these terms.

(1) To "kidnap" a person means to unlawfully seize, abduct, carry away, or detain a person against that person's will. Involuntariness or coercion in connection with the victim's detention, under element (1), is an essential part of the offense.

(2) To hold someone for some "reward," "benefit," or "other reason" includes holding a person for a purpose of benefit to the defendant. That could include, if proven, the purpose of assault against the person held.

---

[6] Source, *United States v. George Oscar Messer et al*, 6:20-CR-70-REW-HAI (interstate commerce section modified).

(3) An "instrumentality," "facility," and "means" of interstate commerce includes, among other things, a cellular phone.[7] If you find the defendant used a cellular phone in committing the crime or in furthering its commission, as specified in the indictment, you may find that this element is met.[8]

(4) "Assault," in this instruction, could mean conduct designed to instill in a person reasonable fear of bodily injury or offensive conduct.  To qualify in this case, any assault must have been a purpose motivating the defendant in committing the charged offense.

If you are convinced that the government has proved all of the elements as to Count 2, say so by returning a guilty verdict on the charges. If you have a reasonable doubt about any element of the charge, then you must find the defendant not guilty of such charge.

---

[7] The Defendant recognizes the current state of the law in this Circuit but wishes to preserve the issue of whether this definition shifts the burden to the defense, directs a verdict on an essential and thereby relieves the government of its obligation to prove each element of an offense beyond a reasonable doubt.

[8] It is general knowledge that telephones, including cellular telephones are instrumentalities of interstate commerce whether or not they are used in interstate commerce. *See, e.g., United States v. Weathers*, 169 F.3d 336, 341 (6th Cir.1999) ("It is well established that telephones, even when used intrastate, constitute instrumentalities of interstate commerce."); *United States v. Nader*, 542 F.3d 713, 722 (9th Cir.2008) ("We hold that intrastate telephone calls made with intent to further unlawful activity can violate the Travel Act because the telephone is a facility in interstate commerce."); *United States v. Marek*, 238 F.3d 310, 318 n. 35 (5th Cir.2001) ("Interstate commerce facilities that have created a criminal federal jurisdictional nexus during intrastate use include telephones[.]"); *United States v. Clayton*, 108 F.3d 1114, 1117 (9th Cir.1997) (holding cellular telephones to be instrumentalities of interstate commerce); *see also United States v. Drury*, 396 F.3d 1303, 1310–11 (11th Cir.2005) (interpreting "facility of interstate commerce" in 18 U.S.C. § 1958 to establish federal jurisdiction whenever such a facility, including a telephone, is used "regardless of whether the use is ... purely intrastate in nature").

# INSTRUCTION NO. _9_
# AIDING AND ABETTING

Under this instruction, for you to find the defendant guilty of kidnapping, under Count 2, it is not necessary for you to find that he personally committed either crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the respective crime. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of kidnapping as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to the particular count:

(1) First, that, with respect to the particular count, that the crime of kidnapping was committed.

(2) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(3) And third, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime to occur with the intent that the crime actually be committed.

---

[9] See Sixth Circuit, Pattern Criminal Jury Instruction § 4.01 (2022).

If, under this instruction, you are convinced that the government has proven all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on the respective charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of kidnapping, under this separate instruction, as an aider and abettor. This instruction is merely an alternative theory of liability by which the government can attempt to prove commission of the charged crimes. The government's proof burden, as explained throughout, remains the same: proof beyond a reasonable doubt as to all crime elements.

.

**INSTRUCTION NO. \_\_\_**[10]
**21 U.S.C. § 846**
**CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE**

Counts 3 and 5 of the Superseding Indictment charge the defendant with conspiracy to distribute methamphetamine.  It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(1) First, that two or more persons conspired, or agreed, to distribute a mixture or substance containing a detectable amount of methamphetamine.

(2) Second, that the defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these terms.

(1) With regard to the first element— a criminal agreement— the government must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute a mixture or substance containing a detectable amount of methamphetamine.

> (A) This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

---

[10] *See* Sixth Circuit, Pattern Criminal Jury Instruction § 14.05 (2022).

(B) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute a mixture or substance containing a detectable amount of methamphetamine. This is essential.

(C) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(2) With regard to the second element— the defendant's connection to the conspiracy — the government must prove that the defendant knowingly and voluntarily joined that agreement.

(A) The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

(B) This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(C) Further, this does not require proof that the defendant knew the drug involved was methamphetamine. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much methamphetamine was involved. It is enough that the defendant knew that some quantity was involved.

(D) But proof that a defendant simply knew about a conspiracy, or was present at

times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(E) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

# INSTRUCTION NO. ___ [11]
# UNANIMITY REQUIRED:
# DETERMINING AMOUNT OF CONTROLLED SUBSTANCE

The defendant is charged in Counts 3 and 5 of the Superseding Indictment with conspiracy to distribute methamphetamine. If you find the defendant guilty of these charges, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

In determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs.

---

[11] *See* Sixth Circuit, Pattern Criminal Jury Instruction § 14.07B (2022).

# INSTRUCTION NO. ___ [12]
## 18 U.S.C. § 924(c)
## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

Counts 4 and 6 of the Superseding Indictment charges the defendant with violating federal law by possessing a firearm in furtherance of a drug trafficking crime.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) First: That the defendant committed the crimes charged in Counts 3 or 5. Conspiracy to Distribute a mixture or substance containing a detectible amount of methamphetamine is a drug trafficking crime which may be prosecuted in a court of the United States.

(2) Second: That the defendant knowingly possessed a firearm.

(3) Third: That the possession of the firearm was in furtherance of the crime charged in Counts 3 or 5.

Now I will give you more detailed instructions on some of these terms.

(1) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device. The firearm need not be loaded.

(2) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(3) Next, I want to explain something about possession.[13] The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him

---

[12] *See* Sixth Circuit, Pattern Criminal Jury Instruction § 12.03 (2022).
[13] See Sixth Circuit, Pattern Criminal Jury Instruction § 2.10 (2022).

guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

(4) The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Counts 3 and 5.  In deciding whether the firearm was possessed to advance or promote the crime charged in Counts 3 and 5, you may consider these factors:  (A) whether the firearm was strategically located so that it was quickly and easily available for use; (B) whether the firearm was loaded; (C) the type of weapon; (D) whether possession of the firearm was legal; (E) the type of drug trafficking crime; and (F) the time and circumstances under which the firearm was found.  This list is not exhaustive.

The government need not prove that a particular firearm was possessed in furtherance of the drug trafficking crime.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on these charges. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of these charges.

**INSTRUCTION NO. _14_**
**18 U.S.C. § 922(g)(9)**
**POSSESSION OF A FIREARM AFTER CONVICTION FOR CRIME OF DOMESTIC VIOLENCE**

Count 7 of the Superseding Indictment charges the defendant with possession of a firearm after a crime of domestic violence conviction.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)  First:  That the defendant has been convicted of a misdemeanor crime of domestic violence. [The government and the defendant have agreed that defendant has previously been convicted of a misdemeanor crime of domestic violence.]

(2)  Second:  That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment.

(3) Third:  That at the time the defendant possessed the firearm, he knew he had been convicted of a misdemeanor crime of domestic violence. [The government and the defendant have agreed that defendant knew he had previously been convicted of a misdemeanor crime of domestic violence.]

(4) Fourth:  That the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

Now I will give you more detailed instructions on some of these elements.

(1)  The term "possession" includes Actual or Constructive Possession as those terms are defined in Jury Instruction ___.  The defendant does not have to own the firearm in order to possess the firearm.

---

[14] **Modified** version of Sixth Circuit, Pattern Criminal Jury Instruction § 12.01 (2022).

(2) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

(3) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.